UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD PLECHNER,<br><br>                                Plaintiff,<br><br>       v.<br><br>ROB McKENNA (Attorney General for the State of Washington), STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, ELDON VAIL (Secretary), PAT GLEBE (Superintendent of SCCC), DOUG WADDINGTON (Superintendent of WCC), and RON FRAKER (Superintendent of CBCC),<br><br>                                Defendants. | No. C11-5544 RBL/KLS<br><br>ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for the appointment of counsel. ECF No. 8. Having carefully reviewed Plaintiff's motion and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

ORDER DENYING MOTION FOR COUNSEL - 1

U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Plaintiff filed his complaint *pro se* and has demonstrated an adequate ability to articulate his claims *pro se*.  This case is not complex.  Plaintiff claims that he has been deprived of newspapers, magazines, television and radio, and has also been denied proper care for his medical problems and mental health issues, family visits, educational and/or vocational programs, envelopes, and access to a telephone to contact his attorney.  From the grievances attached to his complaint, it appears that Plaintiff claims to suffer from hearing loss, degenerative disc and bone disease and arthritis. He also alleges that he has been limited to 5 grievances, thus limiting his right to seek redress. ECF No. 5.

ORDER DENYING MOTION FOR COUNSEL - 2

1    Plaintiff states that he requires the appointment of counsel because he has mental and

2    medical health problems such that he is disabled.  Based on the information submitted by

3    Plaintiff, however, the Court is unable to determine whether any such disabilities hinder

4    Plaintiff's ability to adequately articulate his claims.  If Plaintiff needs additional time to

5    prosecute this matter, he should provide the Court with documentation of his medical conditions

6    so that the Court may make a determination as to any additional time and/or assistance that may

7    be required in this case.

8           The Court finds no exceptional circumstances in this case.  While Plaintiff may not have

9    vast resources or legal training, he meets the threshold for a *pro se* litigant.   Concerns regarding

10   investigation and discovery are also not exceptional factors, but are the type of difficulties

11   encountered by many *pro se* litigants.  There are also numerous avenues of discovery available to

12   the parties through the Federal Rules of Civil Procedure during the litigation process.

13   Moreover, despite claiming in conclusory fashion that his case has merit, Plaintiff has not shown

14   a likelihood of success on the merits.

15          Accordingly, Plaintiff's motion for the appointment of counsel (ECF No. 8) is **DENIED**.

16   The Clerk is directed to send copies of this Order to Plaintiff.

17          DATED this   12th   day of September, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3