UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD PLECHNER,

                Plaintiff,

v.

ROB McKENNA (Attorney General for the State of Washington), STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, ELDON VAIL (Secretary), PAT GLEBE (Superintendent of SCCC), DOUG WADDINGTON (Superintendent of WCC), and RON FRAKER (Superintendent of CBCC),

                Defendants.

No. C11-5544 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for: December 16, 2011**

On July 15, 2011, Plaintiff filed his proposed civil rights complaint. ECF No. 1. On August 1, 2011, Plaintiff was ordered to show cause why his complaint should not be dismissed. ECF No. 6. On August 29, 2011, Plaintiff requested a sixty day extension of time to comply with the Court's Order. ECF No. 9. The Court extended Plaintiff's deadline to October 25, 2011. ECF No. 10. Plaintiff was cautioned that if he failed to show cause or amend his complaint by October 25, 2011, the Court would recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915. Plaintiff has not responded to the Court's Order. The undersigned recommends that the action be dismissed as frivolous.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

REPORT AND RECOMMENDATION - 1

employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone,* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted). In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff claims generally that since June 17, 2009 he has been deprived of newspapers, magazines, television and radio. He claims that he has been denied proper care for his medical problems and mental health issues, family visits, educational and/or vocational programs, envelopes, and access to a telephone to contact his attorney. From the grievances attached to his complaint, it appears that Plaintiff claims to suffer from hearing loss, degenerative disc and bone disease and arthritis. He also alleges that he has been limited to 5 grievances, thus limiting his right to seek redress. ECF No. 5. Plaintiff sues the Washington Department of Corrections (DOC), the attorney general of the state of Washington, the former secretary of DOC, and the superintendents of various facilities where Plaintiff has been housed.

Plaintiff was previously advised that the DOC is not a "person" for purposes of a section 1983 civil rights action. Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law. A suable §1983 "person" encompasses state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity. See also, *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

REPORT AND RECOMMENDATION - 3

Plaintiff was further advised that he has failed to allege what the individually named defendants did or did not do that caused him constitutional harm.

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiff must set forth factual allegations and allege with specificity the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights. "A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a §1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Thus, Plaintiff must allege with specificity the names of the individual persons who caused or personally participated in causing the alleged deprivation of his constitutional rights and what they have done or failed to do that resulted in the deprivation of his constitutional rights. Plaintiff may not simply rely on naming the heads of various institutions because supervisors cannot be held liable for the actions or non-actions of their subordinates merely because they are supervisors. Despite having been so advised and having been given an opportunity to do so, Plaintiff has failed to amend his complaint.

## CONCLUSION

Plaintiff has been given ample opportunity to file an amended complaint to cure the noted deficiencies of his complaint. Plaintiff was warned that if he failed to do so or failed to adequately address the issues raised in the Court's Order, the Court would recommend dismissal

of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). ECF No. 11, p. 7. Plaintiff has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983. Accordingly, it is recommended that case should be **dismissed without prejudice and the dismissal counted as a "strike" under 28 U.S.C. § 1915(g).**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 16, 2011**, as noted in the caption.

**DATED** this  29th  day of November, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5